UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

AARON LEE TURPENING,

    Petitioner,　　　　　　　　　　　　　　2:16-cv-02947-JCM-PAL

vs.

**ORDER**

TIMOTHY FILSON, *et al.*,

    Respondents.

_____/

    This action is a petition for writ of habeas corpus brought by Nevada prisoner Aaron Lee Turpening. Turpening initiated the action on December 19, 2016. On January 12, 2017, the court granted Turpening leave to proceed *in forma pauperis*, screened his petition, ordered four of his six claims -- Grounds 3, 4, 5 and 6 -- dismissed, and ordered respondents to respond; respondents' response is due March 13, 2017 (ECF No. 3).

    On January 27, 2017, Turpening filed a motion for reconsideration (ECF No. 7), seeking reconsideration of the dismissal of Grounds 3, 4, 5 and 6. The court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient," so long as the court has jurisdiction. *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (emphasis and quotation omitted). Generally, reconsideration of an interlocutory order is appropriate "if (1) the district court is presented with

1  newly discovered evidence, (2) the district court committed clear error or made an initial decision
2  that was manifestly unjust, or (3) there is an intervening change in controlling law." *S.E.C. v.*
3  *Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1100 (9th Cir. 2010) (quotation omitted); *see also*
4  *Antonetti v. Skolnik*, No. 3:10-cv-00158-LRH-WCG, 2013 WL 593407, at *1 (D. Nev. Feb. 13,
5  2013) (stating that this Court applies the Rule 59(e) standard to motions for reconsideration of
6  interlocutory orders).  Turpening does not make any showing that reconsideration is warranted.
7  Grounds 3, 4, 5 and 6 of his petition are patently meritless.
8      **IT IS THEREFORE ORDERED** that petitioner's Motion for Reconsideration (ECF No. 7)
9  is **DENIED**.

    Dated: February 1, 2017.

_____
UNITED STATES DISTRICT JUDGE